**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30117
Summary Calendar

JOHNNY R. VINSON

Plaintiff-Appellant,

VERSUS

GENERAL ELECTRIC COMPANY

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana]
(95-CV-2216)
May 26, 1997

Before SMITH, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Appellant Vinson appeals the district court's order granting summary judgment for Appellee General Electric Company. We affirm.

Vinson sued his employer, General Electric Company, under Title VII alleging that it discharged him because he had testified in a discrimination case brought years earlier by a co- employee.

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

General Electric moved for summary judgment contending that Vinson's claim was time barred and that he had been fired for poor job performance and not because of his earlier testimony. The district court agreed on both grounds.

42 U.S.C. § 2000-5(e) requires that as a prerequisite to suit an employee must file a discrimination charge with the EEOC within 180 days of the unlawful conduct. This period begins to run from the date the employee is given notice of dismissal. It is undisputed that the EEOC charge was not filed within that period. Vinson argues that he is entitled to an extension of that period, but the reasons he advances do not comply with any of the exceptions recognized by this court in <u>Barrow v. New Orleans Steamship Assn.</u>, 932 F.2d 473, 478 (5th Cir. 1991). The district court did not err in finding the claim time barred.

Even if the claim was not time barred, the district court's alternative basis for its grant of summary judgment is correct. Appellant has not created an issue of material fact on the question of his testimony in the prior case being the cause of the discharge.

AFFIRMED.